# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 18, 2010

## STATE OF TENNESSEE v. CALVIN DEMETRIUS SHAW

**Direct Appeal from the Circuit Court for Maury County**
No. 18013     Stella Hargrove, Judge

---

**No. M2009-01568-CCA-R3-CD - Filed March 14, 2011**

---

A Maury County Circuit Court jury convicted the appellant, Calvin Demetrius Shaw, of simple possession of cocaine, a Class A misdemeanor. During a sentencing hearing, the trial court determined that the appellant had two prior convictions for simple possession and sentenced him to twenty months in confinement for simple possession as a Class E felony pursuant to Tennessee Code Annotated section 39-17-418(e). On appeal, the appellant contends that the trial court erred by sentencing him for a Class E felony when the jury found him guilty of a misdemeanor and that Tennessee Code Annotated section 39-17-418(e) is unconstitutional because it allows for enhanced punishment without prior notice. The State concedes that the trial court improperly sentenced the appellant for a Class E felony. We agree and conclude that the case should be remanded to the trial court for resentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed,
and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Calvin Demetrius Shaw.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Kyle Dodd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The appellant does not contest the sufficiency of the evidence. Taken in the light most favorable to the State, the evidence shows that on the morning of April 2, 2008, the appellant was staying in room thirty-four at the Polk Motel in Columbia with his two children, ages eight and six. A housekeeper testified that she heard "hollering" by a man in room thirty-four and a gunshot. A second housekeeper went to the motel office and reported the incident to a police detective, who happened to be at the motel for an unrelated case. The detective went to the appellant's room and heard the appellant, who sounded excited and upset, inside. The detective called for backup, and two other officers arrived. The officers ordered the appellant to open the door. When the appellant opened the door, the officers saw he was naked and forced their way into his room. The police called emergency medical services to the scene to examine the appellant, and the appellant told a paramedic he had snorted one gram of cocaine. The paramedic testified that the appellant was anxious and believed someone was trying to kill him, behavior consistent with someone who had used cocaine. The appellant refused medical treatment, and the police arrested him. During a search of the appellant's motel room, an officer found two bags of powder cocaine. One bag contained 2.3 grams of cocaine, and the second bag contained .3 grams. The appellant testified that on the morning of April 2, 2008, he had been awake and snorting cocaine for two days and was "high out of [his] mind." He thought someone was trying to get into his motel room, began yelling, and shot through the door. Although the appellant had been charged with possessing .5 grams or more of cocaine with intent to sell, a Class B felony,[1] the jury convicted him of simple possession, a Class A misdemeanor.

At the appellant's sentencing hearing, Emily Thigpen from the Board of Probation and Parole testified that she prepared the appellant's presentence report. According to the report, the appellant had two prior convictions for simple possession. In a statement for the report, the then thirty-year-old appellant told Thigpen that he began using cocaine when he was twenty-four years old and that he was still using it on April 2, 2008. The appellant told her that he would use the drug for several days, stop using it for one or two weeks, and then use it again for several days, often consuming one or two grams per day. Thigpen stated that the appellant had been convicted of twenty-nine prior misdemeanor offenses, that he had been sentenced to probation several times, and that he had violated probation several times.

The State introduced the appellant's presentence report into evidence. In the report, the appellant claimed he graduated from high school and attended ITT Tech in Nashville. The appellant reported that his physical and mental health were "excellent" but that he was taking Zoloft for depression. The appellant stated in the report that he attended a drug program from 2005 to 2006 but that he quit attending and did not complete the program. According to the report, the appellant had been employed for only three brief periods of time

---

[1] The judgment of conviction form incorrectly states that the indicted offense is a Class C felony.

and had never served in the military. The report shows the appellant has been committing crimes since he was nineteen years old and has numerous prior misdemeanor convictions, including convictions for drug possession, driving with a suspended license, assault, criminal impersonation, evading arrest, criminal trespass, reckless endangerment, and public intoxication.

In a statement to the court on his own behalf, the appellant said he had a drug problem and asked the court to "consider giving me some help so I may put my life back in order." The appellant told the court that he had two children to raise and that some form of treatment, such as an inpatient program, "would be the first step of me putting my life back together."

During the sentencing hearing, the State argued that because the appellant had two prior convictions for simple possession, the trial court should sentence him for a Class E felony pursuant to Tennessee Code Annotated section 39-17-418(e). The defense argued that under Tennessee Code Annotated section 40-35-203(e), the State should have alleged in the indictment that the appellant had two prior convictions for simple possession, and the jury, not the trial court, was required to find he had those prior convictions in order for the trial court to enhance punishment pursuant to Tennessee Code Annotated section 39-17-418(e). The trial court agreed with the State, concluding that Tennessee Code Annotated section 40-35-203(e) did not apply and that the appellant's prior convictions for simple possession should result in his being sentenced for a Class E felony. The trial court then found that his sentence should be enhanced for his extensive criminal history and his possession of a firearm during the commission of the offense. See Tenn. Code Ann. § 40-35-114(1), (9). The court sentenced the appellant as a Range I, standard offender to twenty months in confinement and imposed a $1,000 fine.

## II. Analysis

The appellant contends that the trial court erred by sentencing him for a felony when the jury convicted him of a misdemeanor and that Tennessee Code Annotated section 39-17-418(e) is unconstitutional because it allows a trial court to enhance a defendant's punishment without prior notice. The State agrees with the appellant that under Tennessee Code Annotated section 40-35-203(e) the jury was required to find beyond a reasonable doubt that he had two prior convictions for simple possession before the trial court could sentence him for simple possession as a Class E felony. Thus, the State concedes that the trial court improperly sentenced the appellant. We agree with the parties and remand the case to the trial court in order for the court to resentence the appellant for misdemeanor simple possession.

Tennessee Code Annotated section 39-17-418(a) provides that it is an offense for anyone "to knowingly possess or casually exchange a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice." Simple possession is usually a Class A misdemeanor. Tenn. Code Ann. § 39-17-418(c). However, Tennessee Code Annotated section 39-17-418(e) states that the offense is a Class E felony "where the person has two (2) or more prior convictions under this section." Pursuant to Tennessee Code Annotated section 40-35-203(e),

> If the criminal offense for which the defendant is charged carries an enhanced punishment for a second or subsequent violation of the same offense, the indictment in a separate count shall specify and charge that fact. If the defendant is convicted of the offense, then the jury must find that beyond a reasonable doubt the defendant has been previously convicted the requisite number of times for the same offense. Upon such finding, the defendant shall be subject to the authorized terms of imprisonment for the felonies and misdemeanors as set forth in § 40-35-111.

The Sentencing Commission Comments for Tennessee Code Annotated section 40-35-203 state that "[f]or an example of an application of subsection (e), see § 39-17-418," and the Sentencing Commission Comments for Tennessee Code Annotated section 39-17-418 state that "[t]his section creates an enhanced penalty for third and subsequent offenses."

The sentencing commission comments clarify that Tennessee Code Annotated section 40-35-203(e) applies to Tennessee Code Annotated section 39-17-418. Therefore, the jury was to determine whether the appellant had been previously convicted of two or more offenses that could be used to enhance his punishment for simple possession. The State did not present any evidence at trial regarding the appellant's having two prior convictions for simple possession, and the trial court could only sentence the appellant for a Class A misdemeanor. Given the plain language in Tennessee Code Annotated section 40-35-203(e), which requires that a separate count of an indictment be used to allege enhanced punishment for a subsequent violation, the appellant's claim that Tennessee Code Annotated section 39-17-418(e) unconstitutionally allows enhanced punishment without prior notice is moot.

### III.  Conclusion

Based upon the record and the parties' briefs, the appellant's sentence is reversed and the case is remanded to the trial court for resentencing.

_____
NORMA McGEE OGLE, JUDGE